UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE CHARLTON DRISKELL,

     Plaintiff,

v.

GENERAL MOTORS CORP., et al.,

     Defendants.
_____/

CIVIL ACTION NO. 04-40224

DISTRICT JUDGE PAUL V. GADOLA

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**   **RECOMMENDATION**:

I recommend that Defendant General Motors Corporation's Motion for Rule 11 Sanctions be granted.

**II.**   **REPORT**:

    **A.**   **Factual and Procedural History**

**(The following summary substantially adopts the "Statement of Facts" section of Defendant General Motors Corporation's Motion for Rule 11 Sanctions. Neither Plaintiff nor his counsel complied with the requirement of E.D. Mich. LR 7.1(b) that a party opposing a motion must file a response, including a brief and supporting documents. Although Plaintiff's attorney did appear for the hearing on the motion, he did not contest the essential facts and procedural history as presented by the movant. Accordingly, I will accept those declarations as true for purposes of this Report and Recommendation.)**

Plaintiff Lance Driskell ("Plaintiff") is a former hourly UAW represented employee at Defendant General Motors Corporation's ("GM") Willow Run Facility. On April 5, 2001, Plaintiff began serving a 9 month jail sentence in the Livingston County Jail. The GM/UAW National Collective Bargaining Agreement ("CBA"), which governed the terms and conditions

of Plaintiff's employment, allows employees to take up to a 90-day leave of absence for personal reasons. On April 5, 2001, Plaintiff was granted such a leave of absence through July 16, 2001 due to his incarceration. On July 19, 2001, GM terminated Plaintiff's employment when he failed to return to work upon the expiration of the 90-day leave of absence. Plaintiff admits that he was still in jail on July 19, 2001, and learned about his termination during July or August, 2001. (Pl. 40, 80).[1]

Plaintiff was finally released from the Livingston County Jail on September 9, 2001. On September 26, 2001, he filed a grievance through UAW Local 735, his Union representative, alleging that GM failed to properly administer his leave of absence. (GM Exhibit B, Grievance). On May 16, 2002, UAW Local 735 and GM resolved 68 grievances, including Plaintiff's, finding that no contractual violations had occurred. (GM Exhibit C, Settlement List). Subsequently, on October 2, 2003, the UAW sent Plaintiff a letter informing him that his grievance had been, "settled on the basis there were no contractual violations found . . ." (GM Exhibit D, Settlement Letter).[2] Plaintiff admits he received this letter shortly after October 2, 2003, and that he was aware that the UAW made a decision that his termination had not violated the CBA. (Pl. 86).

On July 16, 2004, more than 9 months after learning his grievance had been resolved, Plaintiff filed the instant lawsuit in Genesee County Circuit Court, alleging

---

[1] Relevant pages of Plaintiff's deposition are attached at Exhibit A to Defendant's Motion for Rule 11 Sanctions.

[2] Plaintiff was actually aware his grievance had been resolved in late 2002, early 2003. After Plaintiff filed his grievance, he called local union officials "constantly, repeatedly" and was told by a union secretary and committeeman named Rick that his grievance had been resolved. (Pl. 164-165, 167-168).

retaliation and conspiracy against GM.[3] Further, Plaintiff alleged negligence against the UAW in the manner it represented him after his termination. GM and UAW timely removed Plaintiff's Complaint to this Court on August 12, 2004, principally because Plaintiff's case concerns a hybrid breach of contract/breach of duty of fair representation claim under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185. On that same day, GM also answered Plaintiff's Complaint.

On May 26, 2005, GM and the UAW deposed Plaintiff. During that deposition Plaintiff's testimony revealed that his lawsuit did not meet the jurisdictional prerequisites of a hybrid Section 301 claim and was otherwise legally deficient. Specifically, Plaintiff testified that: (1) even though he had knowledge of the appeal procedures provided by the UAW Constitution for having a resolved grievance reinstated, he failed to follow any steps of the appeal procedure (Pl. 112-113, 115, 169-170); (2) that he had no evidence GM breached the CBA or the UAW breached its duty of fair representation (P. 102-103, 112, 164); (3) that he had no evidence linking his termination to a grievance he filed in 1979 (Pl. 180-181); and (4) he has no evidence of a conspiracy between GM and the UAW regarding his termination. (P. 162).

Based on Plaintiff's deposition testimony, GM sent Plaintiff's counsel a letter on June 2, 2005, asserting that Plaintiff's lawsuit was groundless, and that a Motion for Rule 11

---

[3] Plaintiff filed his Complaint in pro per. GM's motion asserts that Harrell Millhouse, Esq. entered an appearance on Plaintiff's behalf on August 17, 2004. The docket, however, reflects that Mr. Millhouse entered the case on April 5, 2005. His name first appears on filed documents on August 12, 2004 (Notice of Removal - Docket # 1).

3

Sanctions would be filed if the Complaint was not dismissed within 21 days. (GM Exhibit E). GM also served Plaintiff's counsel with a copy of its Motion for Sanctions. (GM Exhibit F).

Due to Plaintiff's refusal to dismiss his claims, GM filed its Motion for Summary Judgment on July 8, 2005. As is set forth in the motion and brief, GM argued on the basis of Plaintiff's undisputed testimony in this case that: (1) his lawsuit is barred by the statute of limitations applicable to hybrid Section 301 suits, (2) he failed to exhaust his contractual and/or intra-union remedies prior to filing this lawsuit, (3) he cannot show GM breached any provision of the CBA; and (4) even if not barred by the above defenses he is unable to establish his claims of retaliation or conspiracy against GM.

GM's Motion for Summary Judgment was brought on for hearing before the district judge on December 1, 2005. The motion was granted in an Order of December 20, 2005.[4] In dismissing Plaintiff's claim against GM, with prejudice, the court found that his suit was barred by the statute of limitations applicable to claims under Section 301 of the Labor Management Relations Act; that Plaintiff's suit was barred because he failed to exhaust all administrative remedies available to him; and that Plaintiff had no evidence, other than his own assertions, that GM had violated any provisions of the CBA. (Docket Entry #30).

GM's Motion for Rule 11 Sanctions was filed on the same day as its Motion for Summary Judgment. On December 20, 2005, the motion was referred to the magistrate judge for hearing and determination. The motion was brought on for hearing before the magistrate judge on February 7, 2006. Although he filed no written response to the motion, Plaintiff's counsel did appear for hearing, and argued that: (a) Plaintiff still believes he had

---

[4] The same Order granted the Motion for Summary Judgment filed by Co-Defendant United Auto Workers Union.

4

a meritorious claim; (b) Plaintiff's counsel had a duty to pursue his client's case; and (c) sanctions would cause undue hardship.

The Motion for Rule 11 Sanctions was referred for hearing and determination. Our circuit, however, has held that a magistrate judge lacks jurisdiction to enter an order for Rule 11 monetary sanctions because it would be "dispositive of a 'claim' of a party." Bennett v. General Caster Serv., 976 F.2d 995, 998 (6th Cir. 1992). Accordingly, I address the motion by Report and Recommendation.

**B.     Analysis**

Fed.R.Civ.P. 11(b) provides, in pertinent part, as follows:

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, -
>
> \*     \*     \*
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . ...
>
> \*     \*     \*
>
> **(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below,

> impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

\* \* \*

The rule imposes three obligations on the signing attorney (or unrepresented party): (1) to conduct a reasonable inquiry to determine that the document is well grounded in fact; (2) to conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as a good faith argument for the extension or modification of existing law; and (3) not to file the document for any improper purpose. Jackson v. Law Firm of O'Hara, Ruberg, et al., 875 F.2d 1224, 1229 (6th Cir. 1989). A reasonable basis for the position taken by counsel (or the unrepresented party) must exist both in law and in fact at the time the position was adopted in order to avoid the imposition of sanctions. McMillan v. Jones Transfer Co., 1989 WL 205625 (E.D. Mich. 1989). A court must judge an attorney's conduct by "an objective standard of reasonableness under the circumstances." INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 401 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987). The objective reasonableness inquiry required by the Rule is not a "one time obligation." Herron v. Jupiter Transportation Co., 858 F.2d 332, 335 (6th Cir. 1988). Rather, a party has a continuing responsibility to review and evaluate pleadings, motions and other papers and to immediately dismiss an unsupportable claim or risk the imposition of Rule 11 sanctions. Id. at 335-36. See also, Yonkers v. Otis Elevator, 844 F.2d 42, 49 (2nd Cir. 1988) (failure to dismiss a claim once discovery disclosed the factual claims were baseless warranted sanctions for attorney fees incurred by the Defendant to pursue summary dismissal of the action); Flip Side Productions, Inc. v. Jam Productions, Ltd., 843 F.2d 1024, 1036 (7th Cir. 1988) (Rule 11 sanctions upheld because, once discovery was

completed, plaintiff should have known that the facts and the law clearly established that it was baseless).

Once the court determines that an attorney has violated Rule 11, it is required to impose sanctions. INVST, supra, at 401. The court has wide discretion, however, in selecting the appropriate sanction, and will be reversed only for an abuse of that discretion. Ortman v. Michigan, 16 F.3d 1220, 1994 WL 12230 (6th Cir. 1994) (unpublished). The sanctions imposed may include "a reasonable attorney's fee." Jackson, supra, at 1229. Fed.R.Civ.P. 11(c)(2) provides that "[a] sanction imposed for violation of this Rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." In the years following the 1983 Amendments to the Rule, an award of attorney fees became the sanction of choice. See: Wright and Miller, Federal Practice and Procedure: Civil 3d §1336.3.

Fed.R.Civ.P. 11(c)(2)(A) provides that monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2). In this case, however, Driskell personally signed the Complaint, which he filed pro se in the Circuit Court for the County of Genesee. He maintained his pro se status through the removal process. An unrepresented party bears the obligation under Rule 11 of reasonable inquiry to insure that his claims are warranted by law (or nonfrivolous argument for extension, modification or reversal of existing law) and that his factual allegations have (or are likely to have) evidentiary support. I am hard-pressed to find existing (or potential) legal merit in the proposition that under the CBA involved in this case an incarcerated employee cannot be terminated for failure to show up for work. Based upon the evidence developed during discovery, I am equally hard-pressed to find that Mr. Driskell had actual (or potential)

7

evidentiary support for his claims of wrongdoing on the part of GM (or his union). The original Complaint was never amended and, in my view, Driskell may be held responsible under Rule 11(b)(2) for its deficiencies created during the period prior to the appearance of his counsel. Furthermore, Rule 11 contains no prohibition against the imposition of sanctions upon a represented party for violation of subsection (b)(3). Mr. Driskell is the source of all allegations in the Complaint, including the misleading characterization of his incarceration as a judicially compelled substance abuse program. Plaintiff has demonstrated no objectively reasonable evidentiary basis for his claims that GM (and/or the union) negligently or intentionally failed to respect his rights under the CBA. He has failed even to demonstrate a good faith basis to believe that investigation or discovery might produce evidence to support his claims. In fact, the history of this case demonstrates that he had no evidence. He was given the opportunity to withdraw his reckless and frivolous Complaint and refused to do so. The court's order dismissing the case confirms the very defects brought to Driskell's attention in GM's June 2, 2005 letter. Pro se Plaintiff's are not immune from Rule 11 sanctions when they abuse the legal process. Ortman v. Thomas, 99 F.3d 807 (6th Cir. 2003); Warren v. Guelker, 29 F.3d 1386 (9th Cir. 1994).

Counsel for Plaintiff is liable to sanctions under Rule 11(b)(1) through (3), and for the failure to make reasonable inquiry to ensure that all claims are factually supported and legally sufficient. In this case, Plaintiff's counsel was active in the discovery phase of the case, including Mr. Driskell's deposition. By the conclusion of discovery (at the very least), he should have been well aware that: (a) Plaintiff's claims were time barred; (b) Plaintiff's claims were barred by his failure to exhaust contractual and/or intra-union remedies; and (c) Plaintiff lacked any evidence to support the allegation that GM had breached any

provision of the CBA or that the UAW had breached its duty of fair representation.  In my view, a proper level of inquiry by counsel into the facts of his client's case would have revealed the groundlessness of the Complaint from the very outset of the attorney/client relationship.  Certainly, by the completion of the discovery in the case, counsel should have been aware that Mr. Driskell's claims were unfounded in fact and insufficient to support any form of recovery against GM.  I find the conclusion inescapable that, by any measure of objective reasonableness, counsel's inquiry into the factual substance and legal sufficiency of his client's Complaint was inadequate.

      Fed.R.Civ.P. 11(c)(1)(A) imposes procedural requirements upon any motion for sanctions.  The Rule provides that the motion must be made separately from other motions or requests, and that it must describe the specific conduct alleged to violate the terms of subdivision (b).  A moving party is required to serve the motion as provided in Fed.R.Civ.P. 5, but Rule 11 provides further that the motion shall not be filed with the court unless, within twenty-one (21) days after service of the motion upon the allegedly delinquent party, "the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."  Fed.R.Civ.P. 11(c)(1)(A).  I am satisfied that all of the procedural requirements for an award of sanctions are met in this case.  Exhibits E and F to GM's Motion for Sanctions reflect that its motion was served upon counsel for Plaintiff on June 2, 2005.  The transmittal letter notes that Plaintiff's deposition testimony "conclusively established that his claims are barred by his failure to exhaust his contractual and/or intra-union remedies prior to filing his lawsuit."  The letter further observes that Plaintiff "admitted he lacks any evidence that GM breached any provision of the national or local collective bargaining agreements, that the UAW breached its duty of fair representation, that his

termination was retaliatory or that a conspiracy existed between GM and UAW when GM terminated his employment." (Plaintiff's Exhibit E).  Enclosed in the letter was a copy of the proposed motion for sanctions, as reflected in GM Exhibit F.  Plaintiff was afforded the required twenty-one (21) days to dismiss the Complaint.  The docket reflects, however, that no action to dismiss, amend or correct the Complaint was taken.  On July 8, 2005, long after the expiration of the twenty-one (21) day "safe harbor" period, GM filed its Motion for Sanctions at the same time as it filed its Motion for Summary Judgment.  The court's Order granting summary judgment for GM quite directly declared that Plaintiff's various claims were time barred, that Driskell had failed to exhaust his remedies under the CBA, and that his substantive claims were unsupported by the evidence in the record.  Upon the filing of GM's Rule 11 motion, Plaintiff was entitled to respond, but he elected not to do so.  Counsel was afforded an opportunity to argue - but he offered no adequate justification for Plaintiff's refusal to avail himself of the "safe harbor" provisions of the Rule.

GM seeks an award of attorney fees and costs equal to the amounts it was called upon to expend in the defense of this baseless lawsuit.  It has provided a summary of attorney hours expended by two lawyers, together with their hourly billing rates of $120.00 and $160.00 respectively.  The total attorney fee incurred by GM was $18,280.00.  (See Attachment 1)  Plaintiff has offered no challenge to the number of hours expended in the case, or to the billing rates.  Upon my review, I find both to be more than reasonable.  GM also provides a breakdown of the costs expended by it in the defense of the case.  I find that the total sum of $572.25 is also reasonable.

Prior to the 1993 amendments to Rule 11, case law and secondary literature identified three justifications for the imposition of sanctions: punishment, compensation and

10

deterrence. While the text of the Rule mentions only deterrence, there is substantial case law support for the award of sanctions for compensatory and punitive purposes. See: Wright and Miller, <u>Federal Practice and Procedure</u>: Civil 3rd §1336.3. "The use of monetary sanctions was thought to be consistent with the policy of providing a 'make-whole' remedy that put the party prevailing on a sanctions motion in the position in which it would have been had the Rule 11 violation not occurred." <u>Id</u>. n. 23.

     I find that sanctions in the form of a monetary award to GM in the amount expended by it in defense of this case is appropriate. I further find that Plaintiff Driskell and his counsel should each be held responsible for the payment of 50% of the amount due. Driskell failed to make a reasonable factual inquiry prior to instituting groundless charges in his <u>pro se</u> Complaint. Plaintiff's counsel was equally delinquent in failing to make "an inquiry reasonable under the circumstances," to ensure that his client's claims and contentions were warranted by existing law, and that his allegations and other factual contentions had evidentiary support. Reasonable inquiry by either Plaintiff or his attorney would have avoided or substantially reduced the burden on GM in defending this case, and on the court in administering it. When afforded the opportunity for oral argument, despite his failure to file opposition papers, Plaintiff's counsel merely asserted that his client disagrees with the judgment and believes that he had a meritorious claim. The standard under Rule 11, however, is objective, and not subjective. Counsel offered no evidence which an objective observer could reasonably rely upon in challenging the correctness of the judgment. It is worthy of note that no appeal was taken. While counsel argued that the imposition of sanctions would cause undue hardship, he presented no evidence to support that claim.

     For all of the above reasons, I recommend that GM's Motion for Rule 11 Sanctions

be granted.  I further recommend that the court entered an Order requiring Plaintiff to pay GM the sum of $9,426.12, and a similar Order directing Plaintiff's counsel to pay a like amount, both within sixty (60) days of the date of the Order.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The

response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/Donald A. Scheer
                                              DONALD A. SCHEER
                                              UNITED STATES MAGISTRATE JUDGE

DATED: _March 27, 2006

_____

### CERTIFICATE OF SERVICE

      I hereby certify on March 27, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 27, 2006.  **Harrell Milhouse**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217

# I. SUMMARY OF ATTORNEY HOURS

| DATE | ATTY INIT | SERVICE DESCRIPTION | HOURS |
|---|---|---|---|
| 7/22/04 | ALA | Review complaint<br>Consultation with Mark Filak | 1.0 |
| 7/22/04 | MDF | Review Complaint and Other Documents Provided by Client | .30 |
| 8/02/04 | MDF | Telephone Conference with L. Smith (UAW Counsel) Re: Removal | .20 |
| 8/06/04 | MDF | Draft Motion for Change of Venue and Brief in Support of Motion | 3.40 |
| 8/06/04 | MDF | Review file | .80 |
| 8/06/04 | MDF | Draft Answer to Complaint | 1.40 |
| 8/06/04 | MDF | Draft Notice of Removal | 1.60 |
| 8/09/04 | ALA | Preparation of Notice of Removal | .30 |
| 8/09/04 | ALA | Preparation of Motion for Change of Venue<br>Preparation of Brief in Support | .50 |
| 8/09/04 | MDF | Draft Motion for Change of Venue and Brief in Support of Motion | 4.40 |
| 8/09/04 | MDF | Draft Notice of Filing Notice of Removal | .30 |
| 8/13/04 | ALA | Review Grievance Documents sent by D. Deck | .20 |
| 8/13/04 | ALA | Review Removal Documents filed by UAW | .20 |
| 8/17/04 | MDF | Review Documents Provided by Plant | 1.40 |
| 8/19/04 | MDF | Draft and Revise Answer to Complaint | .50 |
| 8/20/04 | MDF | Telephone Conference with D. Deck re: Driskell | .30 |
| 8/20/04 | MDF | Revise Answer to Complaint | .20 |
| 8/20/04 | MDF | Draft Affirmative Defenses | .40 |
| 9/03/04 | ALA | Review Correspondence from Court | .20 |
| 9/10/04 | MDF | Draft Proposed Discovery Plan | 1.40 |

| | | | |
|---|---|---|---|
| 9/15/04 | MDF | Revise Proposed Scheduling Plan and Draft Letter to Plaintiff's Counsel Re: same | .40 |
| 10/06/04 | ALA | Review Court's Scheduling Order | .20 |
| 11/11/04 | ALA | Preparation of GM's Initial Disclosures | .90 |
| 11/11/04 | MDF | Draft Initial Disclosures | 1.40 |
| 11/17/04 | MDF | Review UAW'S Initial Disclosures | 1.10 |
| 1/20/05 | MDF | Telephone Conference with L. Smith (UAW Counsel) Re: Deposition of Plaintiff | .20 |
| 1/20/05 | MDF | Draft Preliminary Witness List | 1.30 |
| 1/21/05 | MDF | Telephone Conference with D. Deck and L. Thurman Re: Witness List | .30 |
| 1/24/05 | MDF | Review Defendant UAW's Supplemental Initial Disclosures | 1.50 |
| 1/26/05 | ALA | Review Correspondence from UAW | .20 |
| 2/18/05 | MDF | Draft Discovery Requests to Plaintiff | 1.10 |
| 2/21/05 | MDF | Review Plaintiff's Personnel file and add Records to Timeline | 1.60 |
| 2/22/05 | MDF | Review Records from Livingston County Sheriff and add to Timeline | 2.70 |
| 2/22/05 | MDF | Telephone Conference with L. Thurman Draft Notes Re: same | .60 |
| 2/22/05 | MDF | Prepare for Plaintiff's Deposition | 4.60 |
| 2/23/05 | MDF | Prepare for Plaintiff's Deposition | 2.30 |
| 2/23/05 | MDF | Research Re: Disability and Drug Treatment Programs | 2.20 |
| 2/25/05 | MDF | Draft Supplemented Initial Disclosures and Compile Documents | .90 |
| 3/04/05 | ALA | Review Correspondence from L. Smith | .20 |
| 3/07/05 | MDF | Review Plaintiff's Response to UAW's First Set of Interrogatories | .60 |
| 3/08/05 | MDF | Draft Stipulation and Order Regarding Discovery and Extension of Scheduling Order Draft Letter to Plaintiff's Counsel Re: same | .60 |

2

| Date | Atty | Description | Hours |
|---|---|---|---|
| 3/14/05 | ALA | Review Correspondence from L. Smith | .20 |
| 3/28/05 | MDF | Draft Letter to Plaintiff's Counsel Re: Outstanding Discovery | .30 |
| 3/31/05 | ALA | Review Correspondence from L. Smith | .20 |
| 4/01/05 | MDF | Review Plaintiff's Responses to GM's First Set of Interrogatories and First Requests for Production of Documents | 1.40 |
| 4/05/05 | ALA | Review Correspondence from L. Smith Consultation with Mark Filak | .30 |
| 5/02/05 | MDF | Review of Plaintiff's First Set of Interrogatories | .30 |
| 5/23/05 | MDF | Telephone Conference with Plaintiff's Counsel Re: Settlement Telephone Conference with UAW's Counsel Re: Settlement and Plaintiff's Deposition | .40 |
| 5/24/05 | MDF | Draft Response to Plaintiff's First Set of Interrogatories | 1.80 |
| 5/25/05 | MDF | Draft Response to Plaintiff's First Set of Interrogatories | .30 |
| 5/25/05 | MDF | Review Records Received from Health Management Systems | 1.20 |
| 5/25/05 | MDF | Prepare for Deposition of Plaintiff | 5.90 |
| 5/26/05 | MDF | Prepare for and Appear at Deposition of Plaintiff | 8.90 |
| 5/27/05 | MDF | Prepare Responses to Plaintiff's First Set of Interrogatories to be Filed | .30 |
| 6/02/05 | MDF | Draft Motion for Rule 11 Sanctions and Letter to Plaintiff's Counsel Re: same | .80 |
| 6/20/05 | MDF | Review Deposition Transcript of Plaintiff | 4.40 |
| 6/20/05 | MDF | Draft Motion for Summary Disposition | 3.90 |
| 6/21/05 | MDF | Draft Motion for Summary Disposition | 5.20 |
| 6/22/05 | MDF | Draft Motion for Summary Disposition | 3.20 |
| 6/22/05 | MDF | Draft Stipulation and Order to Extend Deadline to File Motion for Summary Disposition | .30 |
| 6/22/05 | MDF | Telephone Conference with O. Celestine Re: Settlement | .20 |
| 6/24/05 | MDF | File Stipulated Order to Extend Dispositive Motion Deadline | .30 |

3

| Date | Atty | Description | Hours |
|---|---|---|---|
| 6/27/05 | MDF | Draft Motion for Summary Judgment | 2.80 |
| 6/28/05 | MDF | Draft Motion for Summary Judgment<br>Research Re: Civil Conspiracy | 3.80 |
| 6/29/05 | MDF | Draft and Revise Motion for Summary Judgment | 4.90 |
| 6/30/05 | MDF | Draft and Revise Affidavit for L. Thurman<br>Telephone Conference with L. Thurman Re: same | 1.20 |
| 6/30/05 | ALA | Preparation of Motion for Summary Judgment<br>Preparation of Brief in Support | 5.60 |
| 7/01/05 | ALA | Preparation of Brief in Support of Motion for Summary Judgment | 1.90 |
| 7/01/05 | MDF | Draft and Revise Brief in Support of Motion for Summary Judgment | 2.60 |
| 7/06/05 | MDF | Revise Motion for Summary Judgment<br>Compile Exhibits<br>Prepare to File | 3.60 |
| 7/06/05 | MDF | Draft Motion for Rule 11 Sanctions | 2.30 |
| 7/07/05 | ALA | Preparation of Motion for Rule 11 Sanctions<br>Preparation of Brief in Support | 2.80 |
| 7/07/05 | MDF | Draft and Revise Motion for Rule 11 Sanctions<br>Compile Exhibits<br>Prepare to File | 5.00 |
| 7/08/05 | MDF | File Motion for Summary Judgment and Motion for Rule 11 Sanctions | 1.30 |
| 7/21/05 | MDF | Review Plaintiff's Response to Defendant UAW's Motion for Summary Disposition | .40 |
| 8/05/05 | MDF | Review Plaintiff's Response to GM's Motion for Summary Disposition | .90 |
| 8/05/05 | MDF | Research Re: Cases Cited by Plaintiff in his Response | 1.10 |
| 8/16/05 | MDF | Draft Reply Brief in Support of Motion for Summary Judgment | 5.00 |
| 8/17/05 | MDF | Draft Reply Brief in Support of Motion for Summary Judgement | 3.00 |

4

| 8/19/05 | MDF | Review Reply in Support of Motion for Summary Judgment<br>Compile Exhibits<br>File Same | 1.20 |
|---|---|---|---|
| 8/22/05 | ALA | Review Correspondence from Court | .20 |
| 11/28/05 | MDF | Prepare for Hearing Re: Motion for Summary Disposition | 1.90 |
| 11/30/05 | MDF | Prepare for Hearing Re: Motion for Summary Disposition<br>Review Relevant Cases | 5.00 |
| 12/01/05 | MDF | Prepare for and Attend Hearing Re: Motion for Summary Disposition<br>Review Relevant Cases | 6.30 |
| 12/20/05 | ALA | Review Opinion and Order Granting Summary Judgment<br>Review Judgment in Favor of Defendants<br>Review Order of Reference to Magistrate | .40 |
| 1/04/06 | ALA | Review Correspondence from Court | .20 |

TOTAL HOURS   147.10
TOTAL FEES   $18,280.00

## ATTORNEY SUMMARY

| ATTY | HOURS | RATE | FEES |
|---|---|---|---|
| ALA | 15.70 | $160.00 | $2,512.00 |
| MDF | 131.40 | $120.00 | $15,768.00 |
|  |  |  | $18,280.00 |

## COSTS

| 8/13/04 | | Motion Fee - Genessee County Circuit Court | $ 20.00 |
|---|---|---|---|
| 11/17/04 | | Outside Printing - Records request from Livingston County Sheriff's Department | 66.65 |
| 11/29/04 | | Outside Printing - FOIA Copies of Documents - State of Michigan | 58.43 |
| 12/07/04 | | Outside Printing - Copy of Records - Livingston County Prosecutor's Office | 5.80 |

| | | | |
|---|---|---|---|
| 12/07/04 | | Outside Printing - Copy of Records - Treasurer, City of Flint | 7.50 |
| 12/07/04 | | Outside Printing - Records - State of Michigan | 27.00 |
| 12/17/04 | | Outside Printing - Records - State of Michigan | 2.87 |
| 3/22/05 | | Outside Printing - Request for Records from 67th District Court | 2.00 |
| 5/18/05 | | Outside Printing - Request for Records from 67th District Court | 4.00 |
| 6/21/05 | | Deposition Transcripts - L. Driskell - Bonnie J. Humm, CSR | 378.00 |
| | | **TOTAL COSTS** | **$ 572.25** |

        **TOTAL FEES**    $18,280.00
        **TOTAL COSTS**    572.25
        **TOTALS**    $18,852.25

00187342.WPD